## Thomas *versus* Lowber.

1. An indenture by which a party covenants and agrees to convey to the parties with whom the agreement is made, or the survivor of them, all his real and personal estate when required by them, in trust to sell the same and apply the proceeds to certain creditors named in a schedule annexed, is a voluntary deed, and not having been recorded within thirty days, is void against creditors by the fifth section of the act of 24th March, 1818.

2. An absolute deed between the *same parties,* made subsequent to the agreement in trust, will not avail against a vendee at sheriff's sale, on a judgment against the grantor obtained subsequent to both instruments on a cause of action existing prior to the trust agreement.

THIS case came up from the Nisi Prius, *Philadelphia.*

This was an action of ejectment by Lowber and Wilmer against Thomas and others, to recover possession of two lots of ground, one on the north side of George street, the other on the east side of Schuylkill Sixth street, Philadelphia.

Plaintiffs claimed under a sheriff's deed from William A. Porter for the former Sheriff Morris, dated April 5, 1843, for the premises sold as the property of Robert H. Large, by execution on a judg-

ment obtained June 25, 1842, in the District Court, on a cause of action which accrued prior to 1840. The defendant, Thomas, who was the only person served with process, claimed under an instrument bearing date the 20th February, 1840, recorded March 6th, 1841, and a conveyance made by Large to Thomas, Leaming, and Smith, made March 3d, 1841, recorded March 6th, 1841.

The instrument first above referred to, dated 20th February, 1840, was an indenture made between Robert H. Large of the one part, and John Thomas, J. Fisher Leaming, and T. Leaming Smith, of the other part. It stated that Large was indebted to persons named in a schedule annexed in the amounts therein specified, and that he was desirous of giving his said creditors all the satisfaction that lies in his power. Large, in consideration of the premises and of one dollar paid by the said parties, did covenant, grant, and agree with the parties of the second part, their heirs, executors, administrators, and assigns, in manner of form following, viz. :—That he, the said Large, when required, will grant, convey, and assign all and singular such estate real and personal as he now is seized or possessed of or in any way entitled to, and it was understood to be the meaning of the instrument and of the parties, that the said estate shall be held to, for, and upon the uses, intents, and purposes thereafter mentioned, viz. upon trust, at the discretion of the trustees to convert the personal estate into cash, and to sell the real estate and convey it in fee, and the money that may be produced to apply, after deducting commissions, &c., for and towards the payment of the said debts in said schedule, and, after paying the commissions, &c., and the debts, to pay the overplus, if any remain, and to reconvey all such real estate as may then be vested in the trustees, unto the said Robert H. Large, his heirs, &c., free from all trusts, &c. And for the performance of his covenants, Large bound himself to the parties of the second part, or the survivor of them, in the penal sum of $75,000. The instrument, dated the third day of March, 1841, was an absolute deed of conveyance of the same premises by Large to Thomas, Leaming, and Smith, and it contained a covenant by Large, that his wife, on attaining her full age, shall execute a release of all claim of dower in the premises. It was acknowledged on the day of its date, and recorded on the 6th March, 1841.

A subsequent instrument, dated 27th July, 1842, by Large and Mary his wife, released, in pursuance of the covenant in the former deed, her claim of dower. Acknowledged on same day.

The case was tried in the Court of Nisi Prius, March 16th, 1846, before the Hon. THOMAS BURNSIDE, who charged the jury (after stating plaintiff's title) that, on February 20th, 1840, Robert H. Large conveyed his estate to Thomas, Leaming, and Smith—that this deed was not recorded till March 6th, 1841, more than a year afterward—that on March 3d, 1841, Large further made a deed to

[Thomas *v.* Lowber.]

Thomas, Leaming, and Smith, for the lots in question, in consideration of one dollar—that this deed had no reference to the prior assignment, but purported to be an absolute conveyance—that it was contended on the one hand that the deed of assignment is void by section 5th of act of March 24th, 1818, not being recorded within thirty days. On the other hand, that it was contended that the deed for the lots not being made till March 3d, 1841, and both deeds being recorded March 6th, 1841, the act of 1818 did not apply to the case; that he could not come to this conclusion, but it seemed to him that the assignment was void for not being recorded; and instructed the jury that the plaintiffs were entitled to their verdict—that the deed of assignment was void as against creditors, not being recorded.

Thomas, the defendant, took a writ of error, and assigned three errors, as follows:

1. Because the court erred in deciding that the agreement dated February 20th, 1840, was an assignment for the benefit of creditors, and therefore should have been recorded within thirty days.

2. Because the court erred in deciding that the deed dated March 3d, 1841, was void as against creditors.

3. Because the court erred in instructing the jury to find a verdict in favor of the plaintiffs, instead of allowing them to find a verdict according to the evidence, &c.

The case was argued by *R. Rundle Smith,* for Thomas, plaintiff in error.—He contended that the paper dated February 20th, 1840, is not an assignment, but an agreement to convey when requested. It is not an absolute assignment or conveyance, such as is required to be recorded within thirty days, but a covenant and agreement to make a conveyance when required.

An assignment means an absolute transfer of the whole property: 2 *Black. Com.* 326–7; 10 *Watts* 237; 1 *Rawle* 163. Could Thomas and others be required to give bond, &c.; or is it not to be taken as a portion of the subsequent deed of March 3d, 1841, and both papers taken as one instrument? 4 *Barr* 278. The act of 1818 is remedial. There was no intent to defraud creditors, but the deed of March 3d, 1841, was for the sole benefit of creditors.

*J. Fallon,* for defendants in error.—Plaintiffs claimed under a sheriff's deed on proceedings on a judgment against Large, obtained June 26th, 1842, on a cause of action that accrued prior to 1839, and showed title in Large before that time.

The first is essentially an assignment for the benefit of creditors; and, not having been recorded within thirty days, is void against creditors.

[Thomas *v.* Lowber.]

.The second deed, dated 6th March, 1841, is on its face an absolute deed. It does not refer to the former deed, nor is there any thing in the last deed to show that it was intended as an assignment, or made on any trust.

If the first deed be invalid against creditors, for want of recording, still it is good as between the parties, and the assignor could not make a valid deed of the same premises to the same persons: 4 *Barr* 274. The latter deed is also invalid against creditors, for want of consideration.

If both deeds be considered as one instrument, as being an assignment in trust for creditors, it is invalid, because a part was not recorded for a year after its date: 9 *Watts* 508.

The opinion of the court was delivered January 13th, by

BURNSIDE, J.—The indenture, as it declares and purports, of the 20th of February, 1840, of Large to Thomas and others, is unquestionably a voluntary assignment for the benefit of certain creditors named in the schedule to the indenture, within the words and object of the 5th section of the act of the 24th of March, 1818: *Dunlop*, 2d ed. 341. The principle of the act is to compel assignees in all voluntary assignments to settle their accounts. But the 5th section of the act provides "that all assignments, so as aforesaid to be made and executed, which shall not be recorded in the office for recording of deeds in the county in which such assignor resides within thirty days after the execution thereof, shall be considered null and void as against any of the creditors of the said assignor."

The argument is that this indenture, as it calls itself, is only an agreement to convey, and therefore not within the act of 1818. The deed was signed and executed by the parties under their hands and seals. It recites that Large was indebted to sundry persons in the schedule annexed, which he was unable to pay. The indenture then witnesseth that Large, in consideration of the premises and of one dollar, covenants, grants, and agrees, when required by the grantees or the survivor of them, by good and sufficient deeds to grant, convey, and assign all his real and personal estate to which he was entitled in law or equity. The grantees were to stand seized and possessed of his real and personal estate upon trust, to convert it into cash at their discretion, then to apply the proceeds to pay the debts in the schedule.

This instrument was not recorded until the 6th of March, 1841, more than a year after its execution. On the 3d of March, 1841, Large made an absolute deed in fee simple of the premises in question to the same grantees, for the consideration "of one dollar and for other good causes and valuable considerations." This deed was also recorded on the 6th of March, 1841. This latter deed has no reference in any part of it to the prior indenture; nor does

[Thomas *v.* Lowber.]

it show that it was so intended. There is no trust expressed in it, nor obligation of any kind upon the grantees. It is an absolute conveyance in fee simple, for the consideration expressed on its face. This court ruled, in Englebert *v.* Blanjot, 2 *Whar.* 240, that an assignment of a part of a man's estate in trust for a part of his creditors is within the act, and must be recorded. The instrument of the 20th of February, 1840, call it what you may, is essentially a deed of assignment to trustees for the benefit of particular creditors. It passed some interest in trust, under a penalty of $75,000 that he will fulfil his engagements. It released probably the dower of his wife, and was a deed within the letter and spirit of the act of 1818, which was passed for the purpose of letting the world know the acts and circumstances of a failing debtor. The statute is remedial to some extent, and should be liberally and fairly construed. Under either deed, or both taken together, the defendant below had no case against the sheriff's sale and conveyance.

The judgment is affirmed.